## In Re Anonymous No. 16 D.B. 77

Disciplinary Board Docket No. 16 D.B. 77.

PADOVA, *Member*, April 22, 1986 — Pursuant to Rule 218(c) (5) of the Pennsylvania Rules of Disciplinary Enforcement, The Disciplinary Board of the Supreme Court of Pennsylvania (hereinafter re-

ferred to as Disciplinary Board), submits its following findings and recommendations to your honorable court with respect to the above petition for reinstatement.

## I. HISTORY OF PROCEEDINGS

Petitioner, an attorney heretofore admitted to the practice of law in the Commonwealth of Pennsylvania, was suspended by order of the Supreme Court of Pennsylvania for a period of two years from November 24, 1980. The term of this suspension expired on November 24, 1982. On February 21, 1985, petitioner filed this petition for reinstatement with the Disciplinary Board. On February 22, 1985, the matter was referred to disciplinary hearing committee [ ] consisting of [ ]. On July 26, 1985, [ ] was appointed to replace [ ]. On September 12, 1985, this matter proceeded to hearing before [ ], who served as chairman, and [ ]. No objection was asserted to a two-person hearing committee. At the hearing, petitioner was represented by [A], Esq., and [B], Esq., Assistant Disciplinary Counsel, appeared for the Office of Disciplinary Counsel. By its report dated January 23, 1986, the hearing committee recommended that petitioner's reinstatement to the practice of law be granted. No exceptions to the report of hearing committee [ ] have been filed by either the Office of Disciplinary Counsel or petitioner. Upon our review of the entire record in this proceeding, including the report, findings and recommendations of hearing committee [ ], we hereby recommend that the instant petition for reinstatement be granted upon condition that the award entered in favor of [C] against petitioner in the Court of Common Pleas of the County of [ ], Commonwealth of Pennsylvania at no. [ ] in the

amount of $2,000, be satisfied and all costs paid; a satisfaction piece indicating the same to be filed with the Office of Disciplinary Counsel, District [  ], precedent to reinstatement.

## II. DISCUSSION

In order for petitioner to gain reinstatement to the practice of law before the Bar of the Supreme Court of Pennsylvania, he has the burden of demonstrating, by clear and convincing evidence, that he has both the moral qualifications and the competency and learning in the law required for admission to practice in this Commonwealth. In addition, he has the burden of demonstrating that his resumption of the practice of law will not be detrimental to the integrity and standing of the bar or the administration of justice, nor subversive of the public interest. See Rule 218(c)(3)(i) of the Pennsylvania Rules of Disciplinary Enforcement.

Petitioner, age 61, was admitted to practice in December of 1951. He engaged in the practice of law from December of 1951 to November 24, 1980, which was the effective date of this two-year suspension. From 1958 to 1968, petitioner served as an assistant township solicitor in [  ], Pennsylvania. From 1952 to 1972, petitioner held the office of Justice of the Peace in [  ] County, Pa. His professional career had been interrupted for a period of three months, commencing November 6, 1972, by order of Judge [D] of the Court of Common Pleas of [  ] County, entered upon recommendation of the [  ] County Bar Association Grievance Committee on the charge of nonfeasance in office. Petitioner has been a defendant in two criminal prosecutions. The first prosecution occurred in 1967 in which petitioner was charged with blackmail, extortion, attempted extortion and conspiracy. The matter resulted in ac-

quittal of petitioner on all charges. Petitioner was indicted in 1972 for various counts of malfeasance, misfeasance, nonfeasance in the office of Justice of the Peace. This prosecution resulted in the entry of a plea of guilty by petitioner to one count of nonfeasance in office, a fine of $5,000 and a six-month suspended sentence. It was this conviction that resulted in the previous three-month suspension.

The instant suspension grew out of multiple charges reflecting a pattern of misconduct involving neglect, inattention, failure to act on matters entrusted to him, failure to keep adequate books, records and accounts and commingling and conversion of clients' funds. Although the hearing committee and Disciplinary Board had recommended a suspension of six months, the Supreme Court of Pennsylvania entered an order of suspension for the period of two years from November 24, 1980. For a period of about one year after his suspension, petitioner was unemployed and unproductive because of the professional embarrassment that he suffered by the suspension. He then became employed at a restaurant and bar in a managerial capacity. He also kept abreast of the law by reading legal journals, periodicals and publications. Beginning in the fall of 1982, petitioner started going into a law office in [     ] County which was operated by his son, who is a lawyer, to review cases with his son in an effort to maintain competence in the law. However, in November of 1982, petitioner underwent heart surgery in the nature of an aortic valve replacement with an artificial valve. From November of 1982 up until the present time (except for his convalescence) petitioner has continued to work in his son's law office. Petitioner has read advance sheets and legal journals on a continuing basis. He had attended semi-

nars and has been doing legal research and other work of a law clerk in his son's office. Petitioner has attended at least five seminars on Continuing Legal Education, including a three-day session at Dickinson Law School. He has also completed eight courses in the Continuing Legal Education series sponsored by Pennsylvania Bar Institute during the period December 6 through December 16, 1985. Petitioner's son testified that, from his own personal observations, petitioner is sufficiently learned and current with respect to the law that he should be able to resume practice in a competent fashion. Petitioner's son testified that if his father is allowed to resume the practice of law, it is their intention to practice together.

Several witnesses, both lawyers and nonlawyers, testified that petitioner's reinstatement and resumption of the practice of law would not be detrimental to the integrity and standing of the bar or the administration of justice, nor subversive to the public interest. There was evidence that petitioner is presently happily married and well adjusted. At the hearing, petitioner accepted full responsibility for his past misconduct, apologized to the profession and everyone else who was damaged by his infractions and asserted that he had learned his lesson and hoped to be given an opportunity to demonstrate that "I am a much better person than what the record would indicate."

The record reflects a judgment against petitioner in the amount of $2,000 in the Court of Common Pleas of [    ] County, Pa., at no. [    ]. The judgment was entered in a malpractice action brought against petitioner in a complaint filed in 1981. Petitioner's personal earnings in 1984 were not insubstantial. He earned a total of $35,500, $25,000 of which came from the settlement on a case which he

had handled while still active in the practice of law and which had been concluded by his son. We believe that reinstatement to the practice of law without having made restitution to a former client for a loss that resulted from malpractice, would be detrimental to the integrity and standing of the bar. We have therefore conditioned our recommendation for reinstatement on satisfaction of that judgment.

## III. FINDINGS OF FACT AND CONCLUSIONS OF LAW

The Disciplinary Board of the Supreme Court of Pennsylvania finds and concludes as follows:

1. Petitioner has the competency and learning in the law required for readmission to the practice of law in the Commonwealth of Pennsylvania.

2. Petitioner has the moral qualifications for readmission to the practice of law in the Commonwealth of Pennsylvania.

3. Petitioner's resumption of the practice of law in the Commonwealth of Pennsylvania, subject to the condition herein stated, will not be detrimental to the integrity and standing of the bar or the administration of justice, nor will it be subversive to the public interest.

4. Petitioner should be reinstated to the practice of law in the Commonwealth of Pennsylvania and should be admitted to the Bar of the Supreme Court of Pennsylvania subject to the condition herein stated.

## IV. RECOMMENDATION

The Disciplinary Board of the Supreme Court of Pennsylvania respectfully recommends to the Supreme Court of Pennsylvania that the instant petition for reinstatement of [petitioner] be granted by

your honorable court with the condition that judgment entered against him in the Court of Common Pleas of [    ] County, Pa., at no. [    ], be satisfied and all costs paid; a satisfaction piece indicating the same to be filed with the Office of Disciplinary Counsel, District [    ], before such reinstatement is effectuated. We further recommend that this honorable court direct that all expenses incurred by the Disciplinary Board in the investigation and processing of the instant petition for reinstatement be borne and paid for by said petitioner. A statement of such expenses is appended to the instant report.

Messrs. Curran, McGinley, Mundy, Brown and Ms. Heh did not participate in the adjudication.

## ORDER

NIX, *C.J.*, And now, this May 28, 1986, the recommendation of the Disciplinary Board dated April 22, 1986, is accepted, and the petition for reinstatement is granted.

Pursuant to Rule 218(e), Pa.R.D.E., petitioner is directed to pay the expenses incurred by the board in the investigation and processing of the petition for reinstatement.